# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| BLAKE and RAEBECCA HANSEN, <br><br> Plaintiffs, <br><br> v. <br><br> SPORTSSTUFF, INC., a Nebraska corporation; and WAL-MART.COM, INC., a Delaware corporation, <br><br> Defendants. | ORDER GRANTING MOTION TO LIFT STAY AND HOLD SCHEDULING CONFERENCE <br><br> Case No. 2:06-cv-678-DB-PMW <br><br> District Judge Dee Benson <br><br> Magistrate Judge Paul M. Warner |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Blake and Raebecca Hansen's (collectively, "Plaintiffs") motion to lift the stay in this case and hold a scheduling conference.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

On March 7, 2008, this court entered an order granting Wal-Mart.com, Inc.'s ("Wal-Mart.com") motion to stay all proceedings in this case pending resolution of Sportsstuff,

---

[1] *See* docket no. 44.

[2] *See* docket no. 86.

Inc.'s ("Sportsstuff") Chapter 11 bankruptcy proceedings.[3] In the motion before the court, Plaintiffs ask the court to lift that stay and hold a scheduling conference. In support of their request, Plaintiffs reference a September 17, 2009 order issued by the bankruptcy court presiding over the Sportsstuff bankruptcy proceedings in which the bankruptcy court ordered that Plaintiffs and other personal injury claimants may now "pursue all co-defendants, third parties, vendors, additional insureds and indemnities."[4] Based on that order, Plaintiffs seek to resume their pursuit of this case against Wal-Mart.com.

In its response to Plaintiffs' motion, Wal-Mart.com advances several arguments. First, Wal-Mart.com asserts that this court should not lift the stay in this case before the bankruptcy court makes a determination about whether to adopt a so-called "channeling injunction" that is part of a proposed amended plan of reorganization pending in the bankruptcy court. Wal-Mart.com contends that the "channeling injunction," if adopted, would resolve all claims against Wal-Mart.com involving Sportsstuff products. Accordingly, Wal-Mart.com argues that it would be a waste of this court's time and resources to lift the stay in this case before the bankruptcy court makes a determination about whether to adopt the "channeling injunction."

Second, Wal-Mart.com argues that the stay in this case should remain in effect because of Sportsstuff's contractual duty to indemnify Wal-Mart.com for any and all claims arising out of litigation related to the product at issue in this case. Wal-Mart.com asserts that, pursuant to that

---

[3] *See* docket no. 84.

[4] Docket no. 87, Exhibit A.

contractual duty, any judgment rendered against Wal-Mart.com in this case would be tantamount to a judgment against Sportsstuff, which would frustrate and undermine the protections of the relevant provisions of the bankruptcy code.

Finally, Wal-Mart.com asserts that this court's order imposing the stay in this case indicated that the stay was to remain in place until "resolution of Sportsstuff['s] Chapter 11 bankruptcy proceedings."[5] Wal-Mart.com argues that Sportsstuff's bankruptcy proceedings have not yet been fully resolved and, therefore, the stay in this case should remain in place.

For the following reasons, the court agrees with Plaintiffs and has determined that Wal-Mart.com's arguments are not persuasive. First, with respect to Wal-Mart.com's arguments about the "channeling injunction," it is not settled that the bankruptcy court has the authority or jurisdiction to force Plaintiffs to accept a resolution or settlement of their claims in this case against Wal-Mart.com. *See, e.g.*, *In re A.J. Mackay Co.*, 50 B.R. 756, 761-64 (Bankr. D. Utah 1985). As Plaintiffs have noted, Sportsstuff is the entity involved in bankruptcy, not Wal-Mart.com. Furthermore, Plaintiffs have indicated that they have objected to adoption of the "channeling injunction" in the bankruptcy court.

Second, while the court recognizes Wal-Mart.com's assertion that Sportsstuff has a contractual duty to indemnify Wal-Mart.com for any and all claims arising out of litigation related to the product at issue in this case, that issue is not properly before the court. This court will not render a ruling on such a dispositive issue as part of Plaintiffs' instant motion, which

---

[5] Docket no. 84 at 2.

seeks only a determination as to whether the stay in this case should be lifted. Instead, that issue should be addressed to the district judge by way of an appropriate dispositive motion or should be resolved as part of the trial in this case.

Finally, the court believes that Wal-Mart.com has taken an overly narrow and technical view of this court's March 7, 2008 order imposing the stay in this case. Early in the bankruptcy case, the bankruptcy court "entered a preliminary injunction prohibiting the commencement or continuation of litigation against [Sportsstuff]'s insurers, vendors, co-defendants, third[ ]parties, and the like, based upon injuries suffered by the use of products manufactured or marketed by Sportsstuff."[6] As a result, Plaintiffs did not oppose Wal-Mart.com's motion to stay in this case. More recently, however, the bankruptcy court has ordered that Plaintiffs and other personal injury claimants may now "pursue all co-defendants, third parties, vendors, additional insureds and indemnities,"[7] including Wal-Mart.com. This court believes the bankruptcy court is in the best position to make the determination about whether Sportsstuff's bankruptcy is sufficiently resolved to allow Plaintiffs to pursue their claims against Wal-Mart.com. Accordingly, this court defers to and concurs with the bankruptcy court's September 17, 2009 order.

Based on the foregoing, Plaintiffs motion to lift the stay of this case and hold a scheduling conference[8] is **GRANTED**. The stay in this case is hereby lifted, and the Clerk's Office is

---

[6] Docket no. 87, Exhibit A.

[7] *Id*.

[8] *See* docket no. 86.

directed to issue the appropriate notice so that this case will be scheduled for a new pretrial scheduling conference.

**IT IS SO ORDERED**.

DATED this 2nd day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge